[No. 3,717.]

## THOMAS A. SPRINGER v. JAMES J. GREEN.

POWER OF CONTROLLER OVER STATE PRINTER'S ACCOUNTS.—The Controller may decline to audit the accounts of the State Printer, even after they have been approved by the Board of Examiners, if he is of opinion that the work has not been correctly computed, or that it contains items which are not a legal charge against the State.

APPLICATION to the Supreme Court for writ of mandate to compel the Controller to draw his warrants on the State Treasurer in favor of the petitioner for twenty-six thousand three hundred and seventy-one dollars and ninety-one cents.

The petitioner represented that he had presented his accounts for materials furnished and work done as State Printer

to the State Board of Examiners, and that upon the report of the Printing Expert the Board had allowed the accounts to the amount of twenty-six thousand three hundred and seventy-one dollars and ninety-one cents; that he had applied to the Controller for warrants for the sum approved by the Board, and that the Controller had refused to draw warrants for any portion of the demand; that the Legislature, by the Act of April 1st, 1872, appropriated one hundred and twenty thousand dollars for "printing, paper, and official advertisements" for the two fiscal years ending June 30th, 1874, and that half the appropriation remained unexhausted. The respondent in his answer set out that he had allowed claims of the State Printer to the amount of sixty thousand dollars—one half the appropriation; that the State Board of Equalization had fixed the rate of taxation for the twenty-fourth fiscal year so as to raise but sixty thousand dollars of the appropriation, and that if compelled to draw for more than that sum, it would deplete the fund out of which other appropriations were payable; that the sum allowed by the Board of Examiners embraced items to the amount of about four thousand dollars that were not legal charges against the State; and that he had not audited the account because he was not satisfied that the work charged for was correctly computed, properly executed, or delivered.

The petitioner held the office of State Printer for the term of four years, commencing on the 4th day of December, 1871, and the respondent held the office of State Controller for the same term. The sessions of the Legislature were biennial, commencing on the first Monday in December. The petition was filed at the April Term, 1873.

*T. B. McFarland,* for Petitioner.

1. The appropriation of one hundred and twenty thousand dollars for "paper, printing, and official advertisements," is for an entire term of two years, viz: the twenty-fourth

and twenty-fifth fiscal years.  · It is not an appropriation of sixty thousand dollars for the first of said years, and sixty thousand dollars for the second. (Stats. 1871–2, pp. 743–747.) There is no law authorizing the appropriation to be divided between the two years.  Former statutes provided for such division, either in whole or in part, but the Legislature of 1871–2, *ex industria*, refused to do it.   (Stats. 1865–6, p. 680, Sec. 6; Stats. 1867–8, p. 588, Sec. 6; Stats. 1869–70, p. 738, Sec. 5.)   There is no question in this case such as arose in *Redding* v. *Bell*, 4 Cal., and *Stratton* v. *Green*, about an ''appropriation.''  In those cases there was no appropriation at all.   In the case at bar there was an appropriation of one hundred and twenty thousand dollars, and sixty thousand dollars of it is ''unexhausted.''

2. The Board of Examiners are given the power to determine when the State Printer's claims are correct, after having first submitted them to the State Printing Expert; and the Controller must draw his warrants for the amounts found correct by said Board.   The law concerning and controlling the matter is found in the statute of April 1st, 1872. (Stats. 1871–2, p. 871; Political Code, Secs. 679, 4478, 4479; *Pierpont* v. *Crouch*, 10 Cal. 315.)   The general rule is that the Controller must draw his warrants for claims allowed by the Board of Examiners.  (Political Code, Sec. 661.)  The law was the same before the adoption of the Codes.  (Hittell, 2673.)   Under the old law which required the State Printer's accounts to be passed on by the Controller, vouchers, copies of the work done, etc., had to be presented to the Controller, so that he might have the evidence before him upon which to base his decision.   (Hittell, 5648.)  Nothing of the kind is required now.   These  evidences are  now only required to be presented to the Board of Examiners, to whom, together with the  newly created officer, the State Printing Expert, the final determination of this matter is clearly left.  (Political Code, Sec. 535.)

*Edgerton & Harrison,* and *Creed Haymond,* for Respondent.

1. The appropriations must be divided, and one half assigned to each fiscal year, or the finances of the State will be disarranged. The Acts (Stats. 1871–2, p. 871, and Stats. 1871–2, p. 887,) must be construed together. (Potter's Dwarris on Statutes and Constitutions, 189; *Rex* v. *Loxdale,* 1 Burr, 447; *Patterson* v. *Winn,* 11 Wheat. 385; *Dubois* v. *McLean,* 4 McLean's R. 489; *Rodgers* v. *Bradshaw,* 20 John. 744; *McCarty* v. *Orphan Asylum,* 9 Cow. 507; *Waterford & W. S. P. Co.* v. *People,* 9 Barb. 161; *McMinn* v. *Bliss,* 31 Cal. 122; *People* v. *B. Wharf Co.,* 31 Cal. 240.)

2. The statute relied upon by the petitioner (Stats. 1871–2, p. 871,) is not in conflict with section thirteen of the statute of May 1st, 1854 (Stats. 1854, p. 36), but was intended as an additional restriction upon the payment of moneys from the public treasury. The statutes cited are not in conflict. There is no repugnancy between their provisions, and hence the latter does not repeal the former. (*Scofield* v. *White,* 7 Cal. 400; *Crosby* v. *Patch,* 18 Cal. 441.) If the Act of 1871–2 did not by implication repeal section thirteen of the Act of 1854, it follows that it would not amount to a repeal by implication of section five hundred and thirty-six of the Political Code.

3. Giving to the Act of 1871–2 all the force claimed for it by the petitioner, yet it does not avail to take the case out of the general rule, which requires that all claims must, before payment, be audited by the Controller. (Political Code, Sec. 433, Sub. 10; *Redding* v. *Bell,* 4 Cal. 333.)

4. If the word "Assessor," in one section of the Constitution, *ex vi termini,* places the duties of that officer beyond the legislative control, by parity of reasoning the word "Controller" in another section must have like effect. (State Constitution, Sec. 18, Art. V; *Ross* v. *Whitman,* 6 Cal. 361.)

By the COURT:

Section five hundred and thirty-six of the Political Code requires the Controller of State, from time to time, to draw his warrants on the Treasurer for such sums as may be due the State Printer for public printing executed by him, payable out of any money not otherwise appropriated. "But he must audit no account, unless it is previously approved by the Board of Examiners, nor then, until he is satisfied that such work is correctly computed, properly executed and delivered, and that the account contains nothing but what is a legal charge against the State under the laws thereof."

It is impossible to construe this provision otherwise than as authorizing the Controller to decline to audit the accounts of the State Printer, even after they have been approved by the Board of Examiners, "until he is satisfied that such work is correctly computed, properly executed, etc., * * * and that the account contains nothing but what is a legal charge against the State." This language is too explicit to admit of any reasonable doubt. The reason assigned by the Controller for refusing to audit the petitioner's account is, that the account contains items, amounting to about four thousand dollars, which are not a legal charge against the State, and that the work has been overcharged, and he is not satisfied that it has been correctly computed. We think this is a sufficient answer to the petition, and that the statute confers upon the Controller authority to decide these questions, even after the account has been approved and allowed by the Board of Examiners.

Petition dismissed, and application for mandamus denied.